IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| AEROSPACE MANUFACTURING, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:05CV00597 |
| | ) | |
| CLIVE MERCHANT GROUP, LLC d/b/a | ) | |
| MERCHANT AVIATION and | ) | |
| ANDREW MCKENZIE-JAMES, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

MEMORANDUM OPINION

Tilley, Chief Judge

This case arises out of a dispute between Plaintiff Aerospace Manufacturing,

Inc. ("Aerospace") and Defendants Clive Merchant Group ("Clive Merchant") and

Andrew McKenzie-James. It is now before the Court on the Defendants' Motion to

Dismiss [Doc. # 8]. For the reasons set forth below, the Defendants' Motion to

Dismiss will be GRANTED.

I.

The facts in the light most favorable to the nonmoving party are as follows:

Aerospace is an aircraft maintenance company which provides inspection and

maintenance services for military and other aircraft.[1] In 2003, the United States

_____

[1] Plaintiff Aerospace is a Delaware corporation with its principal place of
business in Winston-Salem, North Carolina. Defendant Clive Merchant is a New
York limited liability corporation with its principal place of business in New York,
New York.

Navy awarded Aerospace a contract for the refurbishment and overhaul of the Orion P-3 aircraft. However, in order to complete the contract, Aerospace needed a number of skilled laborers. It therefore contacted the Defendants, Clive Merchant and Mr. McKenzie-James, for assistance. After several meetings between representatives of the two parties, Aerospace and Clive Merchant ultimately agreed that Clive Merchant would provide Aerospace with the laborers it needed to fulfill its obligations under the Navy contract. The two parties entered into a written agreement on February 17, 2005. (See Compl., Ex. A.)

However, the Defendants failed to meet their obligations under their contract with Aerospace. They did not provide Aerospace with an adequate number of skilled laborers and those laborers that they did provide did not have proper documentation. In addition, Aerospace made several interim payments to the Defendants for work that was never performed and the Defendants have refused to refund this money. The Defendants have also attempted to obtain Aerospace's Navy contract for themselves.

On May 24, 2005, Aerospace filed the present case against the Defendants in Forsyth County Superior Court alleging breach of contract, fraud, and unfair and deceptive trade practices. On June 30, 2005, the Defendants removed this case to federal court [Doc. # 2] and on July 13, 2005, Aerospace filed an Amended Complaint, adding a claim for tortious interference with contract [Doc. # 7]. On July 29, 2005, the Defendants filed a Motion to Dismiss [Doc. # 8] in which they

2

contend that (1) Aerospace's breach of contract claim against Mr. McKenzie-James should be dismissed and (2) Aerospace has failed to state a claim against Defendants Clive Merchant and Mr. McKenzie-James for fraud, tortious interference with contract, and unfair and deceptive trade practices.[2]

## II.

A motion to dismiss for failure to state a claim upon which relief can be granted is designed to test the legal sufficiency of the complaint. Eastern Shore Mkts, Inc. v. J.D. Assocs. Ltd. P'ship, 213 F.3d 175, 180 (4th Cir. 2000). When considering a motion to dismiss under Rule 12(b)(6), a court must assume that the factual allegations in the complaint are true and construe them in the light most favorable to the nonmoving party. Id. (citing Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)). If a complaint fails to sufficiently state facts to support each element of the claims asserted therein, dismissal for failure to state a claim is proper. Iodice v. United States, 289 F.3d 270, 281 (4th Cir. 2002).

## III.

The Defendants first move to dismiss Aerospace's breach of contract claim against Mr. McKenzie-James. They contend that Mr. McKenzie-James cannot be held personally liable for any breach of the contract between Clive Merchant and Aerospace because he was acting as an agent for Clive Merchant when the

---

[2] Aerospace filed a Response in Opposition on September 8, 2005 [Doc. # 13] and the Defendants filed their Reply on September 19, 2005 [Doc. # 14].

contract was formed.

"In North Carolina, a contract made by a known agent, acting within the scope of his authority for a disclosed principal is the contract of the principal alone, unless the agent has by special agreement assumed personal liability for the obligations of the principal." DeWitt v. Hutchins, 309 F. Supp. 2d 743, 753 (M.D.N.C. 2004) (citing Way v. Ramsey, 135 S.E. 454, 455 (N.C. 1926)); see also Baker v. Rushing, 409 S.E.2d 108, 112-13 (N.C. Ct. App. 1991) ("An authorized agent who enters into a contract on behalf of a disclosed principal generally is not personally liable to third parties since the contract is with the principal."). However, courts will "pierce the corporate veil" and extend liability for corporate obligations to an individual when a corporation is operated in such a way that it is the "mere instrumentality" or alter ego of an individual. Henderson v. Sec. Mortgage & Fin. Co., 160 S.E.2d 39, 44 (N.C. 1968).

In this case, the Complaint does not allege any basis for imposing individual liability on Mr. McKenzie-James beyond its assertion that Mr. McKenzie-James is "a principal and agent of the corporate defendant." (Am. Compl. ¶ 3.) Aerospace has not alleged that Mr. McKenzie-James agreed to assume personal liability for the contractual obligations of Clive Merchant. See DeWitt, 309 F. Supp. 2d at 753 ("[A] plaintiff cannot hold an agent liable in a suit where the complaint recognizes and alleges agency and nothing further in support of a theory of personal or individual liability."). Nor has it alleged that Clive Merchant is the mere

4

instrumentality or alter ego of Mr. McKenzie-James.  Therefore, Aerospace's

breach of contract claim against Mr. McKenzie-James will be dismissed.

IV.

The Defendants have also moved to dismiss Aerospace's claim for fraud.  In

support of its fraud claim, Aerospace alleges that Clive Merchant never intended to

honor the promises it made in connection with their agreement.  Specifically,

Aerospace contends that "[t]he statements made by the defendants [regarding

their ability to supply the needed laborers] were false or were made with reckless

disregard as to their truth or falsity, with the intent to defraud plaintiff into entering

into its agreement with the corporate defendant, on which plaintiff reasonably

relied to its injury and damage." (Am. Compl. ¶ 11.)  The Defendants contend that

this claim is indistinguishable from Aerospace's breach of contract claim and

therefore should be dismissed.[3]

A tort claim may accompany a breach of contract claim only where the

conduct constituting the breach is also an "independent tort."  Strum v. Exxon Co.,

U.S.A., 15 F.3d 327, 330 (4th Cir. 1994) (citing Restatement (Second) of

Contracts § 355 (1981)).  The mere failure to carry out a promise in contract does

not support a tort action for fraud.  Hoyle v. Bagby, 117 S.E.2d 760, 762 (N.C.

1961); see also Strum, 15 F.3d at 329 ("[An] attempt to turn a contract dispute

---

[3] The Defendants also contend that Aerospace has not pleaded this claim
with the particularity required by Rule 9(b) of the Federal Rules of Civil Procedure.

into a tort action with an accompanying punitive dimension is inconsistent both with North Carolina law and sound commercial practice."); Norman v. Tradewinds Airlines, Inc., 286 F. Supp. 2d 575, 595 (M.D.N.C. 2003) ("[I]n order to be liable for fraud, the promissor must do something more than just disregard or break its promises."). Rather, the "failure to perform a promise can be the basis for fraud only where there is evidence the promisor had a 'specific intent' not to perform at the time a promise was made." Norman, 286 F. Supp. 2d at 594 (citing Hoyle, 117 S.E.2d at 762). However, "where a plaintiff does nothing more than assert that a promissor never intended to honor its obligations under an agreement, dismissal as a matter of law is appropriate." Id. (citing Strum, 15 F.3d at 331) ("[M]ere generalities and conclusory allegations of fraud will not suffice to sustain a fraud claim.").

    In this case, Aerospace has not alleged any additional facts which, taken as true, would tend to show that the Defendants had the specific intent to break their promises at the time they were made. See Norman, 286 F. Supp. 2d at 595 (dismissing plaintiff's claim for fraud where plaintiff failed to plead facts that would support claim that defendant acted with specific intent to defraud). Indeed, the mere fact that the Defendants ultimately failed to fulfill the promises they made to Aerospace does not raise the inference that these promises were made "with the intent to defraud." See id. ("Simply because [the defendants] disregarded and failed to follow the outlined policies is not evidence that [the defendants] never

6

intended to follow the policies. Rather, it is only evidence that they did, in fact, ultimately disregard the promise."). Thus, because Aerospace has not alleged any facts which would support a finding that the Defendants committed an "independent tort" when they breached their contract with Aerospace, Aerospace's claim for fraud against both Clive Merchant and Mr. McKenzie-James will be dismissed. C.f. Wilson v. McAleer, 368 F. Supp. 2d 472, 478 (M.D.N.C. 2005) (denying defendant's motion to dismiss fraud claim where plaintiff's allegations were "based on more than defendants' alleged failure to perform"); Capital Factors, Inc. v. The Fryday Club, Inc., 209 F. Supp. 2d 583, 585 (W.D.N.C. 2002) (denying plaintiff's motion to dismiss defendant's counterclaim for fraud where counterclaim was supported by "identifiable independent facts that differ from the facts that the contract dispute is founded upon").

V.

The Defendants next contend that Aerospace has not alleged facts sufficient to state a claim for tortious interference with contractual relations. The elements of a tortious interference with contractual relations claim are: (1) a valid contract between the plaintiff and a third party; (2) the defendant knows of the contract; (3) the defendant intentionally induces the third party not to perform; (4) the defendant acts without justification; and (5) actual damage to the plaintiff. Eli Research, Inc. v. United Commc'ns Group, LLC, 312 F. Supp. 2d 748, 756 (M.D.N.C. 2004) (citing Embree Constr. Group, Inc. v. Rafcor, Inc., 411 S.E.2d

7

916, 924 (N.C. 1992)).

In this case, Aerospace has not alleged in its Complaint that it actually lost its contract with the Navy.[4]  Thus, Aerospace has failed to allege (1) the Defendants were successful in their attempts to induce the Navy, a third party, to cancel its contract with Aerospace or (2) Aerospace suffered actual damage as a result of the Defendants' actions.  Therefore, Aerospace has not stated a claim for tortious interference with contractual relations and this claim will be dismissed.

VI.

The Defendants have also moved to dismiss Aerospace's claim under the North Carolina Unfair and Deceptive Trade Practices Act, N.C. Gen. Stat. § 75-1.1. They contend that this claim should be dismissed because Aerospace has not alleged any additional facts in support of this claim other than those facts supporting its breach of contract claim.  Aerospace, however, asserts that because it has alleged that the Defendants made false statements which induced Aerospace to enter into a contract with them, it has successfully stated a claim for unfair and deceptive trade practices.

---

[4] In its Brief opposing the Defendants' Motion to Dismiss, Aerospace claims that it has in fact lost its Navy contract.  (See Pl.'s Resp. 14.)  However, it has not amended its Complaint to include this allegation and the Court cannot rely on facts alleged in the Plaintiff's Response brief when evaluating the legal sufficiency of a complaint on a motion to dismiss. Eastern Shore Mkts., Inc., 213 F.3d at 180 ("Because only the legal sufficiency of the complaint, and not the facts in support of it, are tested under a Rule 12b)(6) motion, we assume the truth of all facts alleged *in* the complaint . . . .") (emphasis added).

It is well-established that a mere breach of contract or breach of warranty does not, standing alone, constitute an unfair or deceptive trade practice. Bartolomeo v. S.B. Thomas, Inc., 889 F.2d 530, 535 (4th Cir. 1989); see also Branch Banking & Trust Co. v. Thompson, 418 S.E.2d 694, 700 (N.C. Ct. App. 1992) ("It is well recognized . . . that actions for unfair or deceptive trade practices are distinct from actions for breach of contract and that a mere breach of contract, even if intentional, is not sufficiently unfair or deceptive to sustain an action under N.C. Gen. Stat. § 75.1-1.") (citations omitted). Rather, North Carolina law requires a showing of "substantial aggravating circumstances" to support a claim under the Unfair and Deceptive Trade Practices Act. Branch Banking & Trust Co., 418 S.E.2d at 700. Finally, the Fourth Circuit has noted that it is "unlikely that an independent tort could arise in the course of contractual performance, since those sorts of claims are most appropriately addressed by asking simply whether a party adequately fulfilled its contractual obligations." Broussard v. Meineke Disc. Muffler Shops, Inc., 155 F.3d 331, 347 (4th Cir. 1998) (citing Strum, 15 F.3d at 333).

Aerospace claims that the Defendants made false statements about their ability to provide Aerospace with skilled and documented laborers. (Am. Compl. ¶¶ 6, 11.) However, as discussed above, Aerospace has not alleged any facts which, taken as true, would tend to show that the Defendants did not intend to perform at the time they made these statements. See Gilbane Bldg. Co. v. Fed. Reserve Bank of Richmond, 80 F.3d 895, 903 (4th Cir. 1996) (noting that a

9

broken promise is unfair or deceptive only if the promisor had no intention of

performing when he made the promise) (citing Kent v. Humphries, 275 S.E.2d

176, 182-83 (N.C. Ct. App. 1981)). At its core, this dispute concerns

Aerospace's allegation that the Defendants failed to provide it with the skilled and

documented laborers promised under the terms of their contract. See Broussard,

155 F.3d at 347 ("Given the contractual center of this dispute, plaintiffs' [unfair

and deceptive trade practices] claims are out of place."). Aerospace entered into a

contract with Clive Merchant in which Clive Merchant promised to provide it with a

certain number of skilled and documented laborers. Clive Merchant subsequently

failed to provide these laborers, thus breaching its agreement with Aerospace.

However, Aerospace cannot transform a breach of contract claim into one for

unfair and deceptive trade practices simply by claiming that Clive Merchant

misrepresented its ability to provide Aerospace with the needed laborers prior to

the signing of the contract. See Terry's Floor Fashions, Inc. v. Georgia-Pacific

Corp., 1998 WL 1107771, at *10 (E.D.N.C. July 23, 1998) ("Regardless of the

fact that plaintiff has recited language to suggest that defendant "deliberately

misrepresented" the traits and qualities of [their product] and that plaintiff entered

into the contract on that basis, the fact remains that this dispute, at bottom, is one

over whether the product that was delivered by defendant was in accordance with

the specifications as ordered by plaintiff."). Therefore, because Aerospace's claim

for unfair and deceptive trade practices is indistinguishable from its breach of

10

contract claim, this claim will be dismissed.

## VII.

For the foregoing reasons, the Defendants' Motion to Dismiss [Doc. # 8] will be GRANTED.  The sole claim remaining in this case will be Aerospace's breach of contract claim against Defendant Clive Merchant.

This the day of May 23, 2006

   /s/ N. Carlton Tilley, Jr.  
United States District Judge

11