IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| AEROSPACE MANUFACTURING, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:05CV00597 |
| | ) | |
| CLIVE MERCHANT GROUP, LLC d/b/a | ) | |
| MERCHANT AVIATION and | ) | |
| ANDREW MCKENZIE-JAMES, | ) | |
| | ) | |
| Defendants. | ) | |

MEMORANDUM OPINION

Tilley, District Judge

This case arises out of a dispute between Plaintiff Aerospace Manufacturing, Inc. ("Aerospace") and Defendants Clive Merchant Group ("Clive Merchant") and Andrew McKenzie-James (collectively, "Defendants"). It is now before the Court on Aerospace's Motion for Summary Judgment [Doc. # 25]. For the reasons set forth below, Aerospace's motion for summary judgment will be GRANTED.

I.

The undisputed facts establish that: Aerospace is an aircraft maintenance company which provides inspection and maintenance services for military and other aircraft.[1] In 2003, the United States Navy awarded Aerospace a contract for

---

[1] Aerospace is a Delaware corporation with its principal place of business in Winston-Salem, North Carolina. Clive Merchant is a New York limited liability company with an office in New York, New York, and its principal place of business in the United Kingdom.

the refurbishment and overhaul of the Orion P-3 aircraft in North Carolina. Aerospace contacted Defendants for assistance in obtaining a number of skilled laborers for the Navy project. After several meetings between representatives of the two parties, Aerospace and Clive Merchant ultimately agreed that Clive Merchant would provide Aerospace with the laborers it needed to fulfill its obligations under the Navy contract. The two parties entered into a written agreement on February 17, 2005. [See Doc. # 3, Ex. A.]

However, Clive Merchant failed to meet its obligations under its contract with Aerospace. Clive Merchant did not provide Aerospace with an adequate number of skilled laborers and those laborers that it did provide did not have proper documentation. In addition, Aerospace made several interim payments to Clive Merchant for work that was never performed and Clive Merchant refused to refund this money.

On May 24, 2005, Aerospace filed the present case against the Defendants in Forsyth County Superior Court alleging breach of contract, fraud, and unfair and deceptive trade practices. On June 30, 2005, the Defendants removed this case to federal court [Doc. # 2], and on July 13, 2005, Aerospace filed an Amended Complaint, adding a claim for tortious interference with contract [Doc. # 7]. On July 29, 2005, the Defendants filed a Motion to Dismiss [Doc. # 8] contending that (1) Aerospace's breach of contract claim against Mr. McKenzie-James should be dismissed and (2) Aerospace has failed to state a claim against Defendants

2

Clive Merchant and Mr. McKenzie-James for fraud, tortious interference with contract, and unfair and deceptive trade practices. Defendants' Motion to Dismiss was granted on May 23, 2006 [Doc. #16], leaving only Aerospace's claim for breach of contract against Clive Merchant. Aerospace submitted its First Request for Admissions to Clive Merchant on February 13, 2007. [See Doc. # 25, Ex. A.] Clive Merchant had 30 days to respond to the request. To date, Clive Merchant has not responded to the request. On April 10, 2007, Aerospace filed its Motion for Summary Judgment [Doc. # 25]. Clive Merchant had 30 days to respond to the motion. Again, to date, Clive Merchant has not responded.[2]

II.

Summary judgment is proper only when, viewing the facts in the light most favorable to the non-moving party, there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Cox v. County of Prince William, 249 F.3d 295, 299 (4th Cir. 2001). An issue is genuine if a reasonable jury, based on the evidence, could find in favor of the non-moving party. Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986); Cox, 249 F.3d at 299. Summary judgment requires a determination of the sufficiency of the

---

[2] Clive Merchant appeared on September 6, 2007, to provide Notice of Corporate Status [Doc. # 30]. Clive Merchant has done no business since 2005, has no assets, and has had no communication with counsel for approximately one year.

3

evidence, not a weighing of the evidence, and the analysis concerns "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Anderson, 477 U.S. at 251-52.

Courts within the Fourth Circuit have consistently held that admissions, including unanswered requests for admissions, may provide a sufficient factual basis to support a motion for summary judgment. See, e.g., Batson v. Porter, 154 F.2d 566, 568 (4th Cir. 1946); In re Fisherman's Wharf Fillet, Inc., 83 F. Supp. 2d 651, 654 (E.D. Va. 1999); Donovan v. Porter, 584 F. Supp. 202, 207-08 (D. Md. 1984). A matter is admitted if a party fails to provide a written answer or objection to a request for admission within 30 days after service of the request for admission. Fed. R. Civ. P. 36(a). Furthermore, such an admission is "conclusively established" unless the court grants a motion to withdraw or amend the admission. Fed. R. Civ. P. 36(b).

III.

Aerospace moves for summary judgment on its claim for breach of contract against Clive Merchant. The February 17, 2005, Agreement for the Supply of Personnel between Aerospace and Clive Merchant contains a choice of law provision stating that the "terms and conditions shall be governed by and be construed in accordance with the law relevant to the location of the temporary worker." [Doc. # 3, Ex. A ¶ 14.] The temporary workers were located in Winston-

4

Salem, North Carolina, while working on the Navy project. Therefore, if the choice of law provision is valid, then under the terms of the parties' agreement North Carolina law will determine whether Clive Merchant breached its contract with Aerospace.

Contractual choice of law provisions are generally binding in North Carolina so long as the parties had a "reasonable basis for their choice and the law of the chosen State does not violate a fundamental policy of the state of otherwise applicable law." Behr v. Behr, 46 N.C. App. 694, 696, 266 S.E.2d 393, 395 (1980); see also Key Motorsports, Inc. v. Speedvision Network, LLC, 40 F. Supp. 2d 344, 346 (M.D.N.C. 1999) (recognizing that in "limited circumstances," North Carolina courts will ignore a choice of law provision if the choice is unreasonable or has no substantial relationship to the parties or the transaction). Aerospace and Clive Merchant could reasonably choose North Carolina law because Aerospace and the Navy project were located in North Carolina. Additionally, application of North Carolina law does not violate any public policies. The choice of law provision in the Agreement for the Supply of Personnel between Aerospace and Clive Merchant is valid, and, therefore, North Carolina law applies.

In North Carolina, a claim for breach of contract is established by the following elements: (1) existence of a valid contract and (2) breach of the terms of that contract. Poor v. Hill, 138 N.C. App. 19, 26, 530 S.E.2d 838, 843 (2000).

5

By failing to respond to Aerospace's Request for Admission concerning the making of the contract, Clive Merchant admits to the existence of a valid contract with Aerospace, namely the agreement for the provisions of labor and other services for the Navy contract entered into on February 17, 2005. [Doc. # 25, Ex. A ¶ 9.] By failing to respond to Aerospace's Requests for Admission concerning whether it had complied with the terms of the agreement, Clive Merchant admits that it breached the terms of the contract, specifically by failing to provide adequate manpower and funding for Aerospace's Navy contract and staffing the project with employees who did not have proper work permits. [Doc. #25, Ex. A ¶¶ 16, 10-12.] Clive Merchant's admissions conclusively establish the elements for breach of contract, so that Aerospace is entitled to summary judgment in its favor.

IV.

The final issue requires determination of the amount of Aerospace's damages caused by Clive Merchant's breach of contract. An award of damages for breach of contract attempts to place the prevailing party in the position it would have been in had the contract been performed. Perfecting Serv. Co. v. Product Dev. & Sales Co., 259 N.C. 400, 415, 131 S.E.2d 9, 21 (1963); Lee Cycle Center, Inc. v. Wilson Cycle Center, Inc., 143 N.C. App. 1, 9, 545 S.E.2d 745, 750 (2001). Admissions may provide a sufficient basis for determining the amount of damages. See Rainbolt v. Johnson, 669 F.2d 767, 768-69 (D.C. Cir. 1981) (reversing the district court for "failing to give binding and conclusive effect to the

6

unanswered requests for admissions" establishing damages in excess of $900,000.00).

By failing to respond to Aerospace's Request for Admission regarding the monetary harm to Aerospace, Clive Merchant admits that its breach of contract caused Aerospace damages "in an amount in excess of $700,000.00." [Doc. # 25, Ex. A ¶ 28.] Furthermore, by failing to respond to Aerospace's Request for Admission as to what, if any, harm Aerospace may have caused to it, Clive Merchant admits that Aerospace never caused any damages to Clive Merchant. [Doc. # 25, Ex. A ¶ 35.] Clive Merchant is therefore entitled to damages totaling $700,000.00.

V.

For the foregoing reasons, Plaintiff Aerospace's Motion for Summary Judgment will be GRANTED.

This the day of September 14, 2007

                                            /s/ N. Carlton Tilley, Jr.
                                            United States District Judge